FILED
United States Court of Appeals
Tenth Circuit

June 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLYNTON D. BUTTS,

         Petitioner  - Appellant,

v.

WARDEN McCOLLUM,

         Respondent - Appellee.

No. 14-5008
(D.C. No. 4:13-CV-00134-CVE-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Petitioner was convicted in Oklahoma state court of possession of a stolen vehicle and assault upon a police officer, both after former conviction of two or more felonies. He was sentenced to a lengthy term of imprisonment, and his post-conviction state court challenges left the conviction and sentence standing. The convictions became final for purposes of the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), on June 23, 2010. After a period of tolling caused by Petitioner's unsuccessful application for state post-conviction relief, the one-

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

year statute of limitations expired on February 5, 2012.

Petitioner did not file his federal petition for habeas corpus until February 22, 2013. Respondent accordingly filed a motion to dismiss the habeas petition as time-barred. In response, Petitioner argued the time should be statutorily or equitably tolled because of the impediments caused by an extended prison lockdown and the lack of access to legal materials.

The district court thoroughly reviewed the record, the facts determining the running of the limitations period, and the facts and law relating to possible tolling issues. The district court held that the petition was untimely and that Petitioner had not demonstrated an entitlement to tolling under our case law. The court accordingly granted the motion to dismiss with prejudice, granted *ifp* on appeal, and denied a certificate of appealability.

Petitioner has renewed in this court his application for a certificate of appealability. After thorough review, we have determined the district court correctly applied the appropriate legal standards to the facts of this case. Reasonable jurists would not debate the correctness of the district court's conclusions and actions in dismissing the petition. Therefore, for substantially the same reasons given by the district court, we

**DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge